IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| IN RE: | STERLING AFFILIATES, LTD | § § | Case No. 02-37578 |
| | Debtor. | § § | Chapter 11 |

## CIT LENDING SERVICES CORPORATION'S LIMITED OBJECTION TO DEBTOR'S FIRST AMENDED LIQUIDATING CHAPTER 11 PLAN

CIT Lending Services Corporation f/k/a AT&T Commercial Finance Corporation ("CIT"), hereby submits this *Limited Objection to Debtor's First Amended Liquidating Chapter 11 Plan* (the "Objection"). In support of the Objection, CIT respectfully states to the Court as follows:

## I.
## INTRODUCTION

1. On October 30, 2002, this Court approved the *First Amended Disclosure Statement for First Amended Liquidating Chapter 11 Plan, as Modified* (the "Plan") as filed by Sterling Affiliates Ltd. (the "Debtor"). On this same date, this Court also set the deadline for objections to the Plan for December 2, 2002.

2. While CIT fully anticipates resolving all issues with the Debtor, the current court-ordered deadline requires CIT to protect its rights. Accordingly, Associates hereby makes this Limited Objection out of an abundance of caution.

## II.
## BACKGROUND

3. On July 9, 2002 (the "Petition Date"), the above-captioned Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues in

possession of its property and is operating its businesses as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4. Prior to the Petition Date, on January 9, 2001, the Debtor entered into a contract for one (1) Hyster Lift Truck Model H360XL2 (s/n D019D03097X) (the "Lift Truck"). This contract was maintained under the Account Number 90061611.

5. The Debtor's Plan states in Section 9.1 that all executory contracts and leases described in Exhibit B-1 are to be assumed by the Debtor on the Effective Date and assigned to the Purchaser. Exhibit B-1 lists a "Fork Lift" leased to the Debtor by "CIT @ UG." This truck has been identified by Debtor's counsel as the Lift Truck defined above. A true and correct copy of Exhibit B-1 as filed by the Debtor is attached hereto as <u>Exhibit "A"</u> and is incorporated herein by reference.

6. The Debtor has also stated in Section 6.7 of the Plan that "upon the Effective Date, the Debtor shall assume and assign to the Purchaser the executory contracts described in Article 9 of this Plan. To the extent any default exists in the contracts to be assumed, such defaults will be cured by the Purchaser." Exhibit B-1 as filed by the Debtor lists the cure amount for this lease at $6,285.48.

7. CIT has no objection to the assumption and assignment of their contract with the Debtor regarding the Lift Truck. CIT's objection arises out of the amount the Debtor shows as the cure amount for this contract.

### III.
### CIT'S OBJECTION

8. In order to comply with the Bankruptcy Code's requirements regarding the assumption of executory contracts and leases, the Debtor must cure all amounts due under each assumed executory contract or lease. 11 U.S.C. § 365(b).

9. The Debtor's Plan must comply with all applicable sections of the Bankruptcy Code in order to be confirmed under Section 1129(a)(1). Unless the Debtor complies with Section 365 in curing all amounts due and owing under all executory contracts and leases assumed and assigned under Article 9 of the Debtor's Plan, the Plan cannot be confirmed.

10. CIT's records show that no payments have been received on the contract to be assumed under Exhibit B-1 since April 2002, leaving a balance due as of November 12, 2002 of $13,230.93. A copy of the account history for the contract concerning the Lift Truck is attached hereto as <u>Exhibit "B"</u> and is incorporated herein by reference. This amount will continue to increase until the Effective Date.

11. CIT has been in contact with Debtor's counsel, specifically Melissa Haselden, who has been attempting to confirm the cure amount for the CIT contract with the Debtor. However, as of the deadline for objections to the Debtor's Plan, confirmation of the cure amount as reflected by CIT had not been received.

12. CIT objects to the Debtor's Plan to the extent that it provides for the assumption of the contract with CIT regarding the Lift Truck without providing for the cure of all amounts due under the contract upon the Effective Date, in violation of Section 1129(a)(1) through Section 365(b).

13. While CIT anticipates resolving the issue regarding the cure amount for the contract regarding the Lift Truck with the Debtor, the current court-ordered deadline requires CIT to protect its rights. Accordingly, CIT hereby makes this Limited Objection out of an abundance of caution.

**WHEREFORE, PREMISES CONSIDERED**, CIT respectfully requests that the Court deny confirmation of the Proposed Plan, and grant to CIT such further and other relief, whether in law or in equity, as this Court finds CIT to be justly entitled.

Dated this 2nd day of December 2002.

Respectfully Submitted,

/s/ Bryan L. Elwood
William L. Medford
Texas State Bar No. 00797060
Vickie L. Judd
Texas State Bar No. 24026886
Bryan L. Elwood
Texas State Bar No. 24029535
PATTON BOGGS LLP
2001 Ross Ave., Suite 3000
Dallas, TX   75201
(214) 758-1500 (Telephone)
(214) 758-1550 (Telecopy)

***Attorneys for CIT Lending Services Corporation***

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing pleading was served on the following individuals by electronic notice or facsimile, or U.S. Mail on the 2nd day of December 2002.

                                                /s/ Bryan L. Elwood
                                                Bryan L. Elwood

**Attorney for Debtor**
Edward L. Rothberg
Hugh M. Ray, III
Melissa A. Haselden
1400 Summit Tower
Eleven Greenway Plaza
Houston, Texas  77046

**Debtor**
Andrew Scherfenberg
Sterling Affiliates, Ltd.
1211 Kress Street
Houston, TX 77020

Nancy Holley
U.S. Trustee
515 Rusk, 1st Floor
Houston, TX 77002

**Counsel for Creditors Committee**:
David P. McClain
McClain & Leppert, P.C.
909 Fannin, Suite 4050
Houston, Texas 77010